# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2014

———————

Chen Shi,                                       *
                                                *
                  Petitioner,                   *
                                                *    Petition for Review of
          v.                                    *    an Order of the Board of
                                                *    Immigration Appeals.
John D. Ashcroft, Attorney General             *
of the United States,                           *    [UNPUBLISHED]
                                                *
                  Respondent.                   *

———————

Submitted: June 17, 2004
Filed: July 27, 2004

———————

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.


Chen Shi, a citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of asylum, withholding of removal, voluntary departure, and suspension of deportation, and finding that Shi filed a frivolous asylum application.[1] On appeal, Shi argues that the BIA's decision to affirm her case without opinion did not comply with the regulations

_____

[1]Shi does not appeal from the IJ's denial of withholding of removal, voluntary departure, and suspension-of-deportation relief.

governing affirmance-without-opinion procedures; that the IJ's credibility determination was in error; and that the IJ's finding that her asylum application was frivolous was not supported by the evidence. After careful review of the record, we deny the petition in part and grant it in part.

Initially, we note that Shi's argument regarding the BIA's decision to affirm her case without opinion is unreviewable. See Ngure v. Ashcroft, No. 02-3879, 2004 WL 1087149, at *3-*9 (8th Cir. May 17, 2004) (finding that BIA's decision whether to employ affirmance-without-opinion procedure in particular case is committed to agency discretion and not subject to judicial review).

We conclude that the BIA's decision on Shi's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 918-19 (8th Cir. 2004). Specifically, the IJ discredited Shi's testimony about past persecution she suffered, and we defer to that credibility finding because it was supported by specific, cogent reasons for disbelief. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard).

We conclude, however, that the IJ's stated reasons for finding Shi's asylum application frivolous--Shi failed to explain why she had waited three years to file for asylum, had withdrawn and then reapplied for asylum, and had presented documentary evidence for the first time at her asylum hearing--do not meet 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20 (2003)'s requirement that an asylum application may be found frivolous only if the alien knowingly made material fabrications in his or her asylum application.

Accordingly, we deny the petition as to the denial of asylum, grant the petition as to the frivolousness finding, and reverse the frivolousness determination.

_____